

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00641-CV

**IN THE MATTER OF C.J.Z.**

From the 386th Judicial District Court, Bexar County, Texas
Trial Court No. 2022JUV00491
Honorable Jacqueline Herr-Valdez, Judge Presiding

Opinion by: Liza A. Rodriguez, Justice

Sitting: Beth Watkins, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: October 25, 2023

AFFIRMED

In an original petition alleging delinquent conduct and seeking a determinate sentence, fifteen-year-old C.J.Z. was alleged to have engaged in delinquent conduct by committing (1) aggravated assault with a deadly weapon in violation of section 22.02 of the Texas Penal Code, and (2) deadly conduct with a firearm at a habitation in violation of section 22.05. C.J.Z. pled true to the first allegation of aggravated assault with a deadly weapon, and the State waived the second allegation. C.J.Z. then stipulated to evidence provided by the State, and the State recommended a determinate sentence of eight years, an affirmative finding of a deadly weapon, and a previous case (Trial Court No. 2022JUV00453) to be taken into consideration. The trial court signed an order of adjudication, finding that C.J.Z. engaged in delinquent conduct by committing aggravated assault with a deadly weapon. The trial court further signed an order of disposition, committing

C.J.Z. to the Texas Juvenile Justice Department for a term of eight years with a possible transfer to the Texas Department of Criminal Justice. C.J.Z. appealed.

C.J.Z.'s court-appointed appellate attorney has filed a motion to withdraw and a brief in which counsel asserts there are no meritorious issues to raise on appeal. *See In re D.A.S.*, 973 S.W.2d 296, 299 (Tex. 1998) (holding *Anders* procedures apply to juvenile appeals). The brief meets the applicable requirements. *See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Counsel sent copies of the brief and motion to withdraw to appellant, informing him of his right to review the record and file a pro se brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). The clerk of this court then sent appellant a copy of the appellate record. Appellant was also given time to file his own brief; however, the time for filing such a brief has expired, and no pro se brief has been filed.

After reviewing the record and counsel's brief, we find no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). However, we decline to grant counsel's motion to withdraw. In the context of parental termination appeals, the supreme court has held that the right to counsel extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). The court emphasized that "[c]ourts have a duty to see that withdrawal of counsel will not result in foreseeable prejudice to the client." *Id*. According to the court, "[i]f a court of appeals allows an attorney to withdraw, it must provide for the appointment of new counsel to pursue a petition for review." *Id*. In *In re K.A.E.*, 647 S.W.3d 791, 792 (Tex. App.—San Antonio 2022, no pet.), we held this continued right to counsel applies equally in juvenile appeals. Accordingly, we conclude counsel's obligations to appellant have not yet been discharged. If appellant, after consulting with counsel, desires to file a petition for review, counsel

should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d at 28; *see also In re K.A.E.*, 647 S.W.3d at 793. For these reasons, we deny counsel's motion to withdraw.

We affirm the trial court's order of adjudication and order of disposition.


Liza A. Rodriguez, Justice